IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SAHRA ROOZBEHANI,** | § § § | |
| **Plaintiff,** | § § § | |
| v. | § § | Case No. 5:23-cv-00613-XR |
| **BIRD RIDES, INC.,** | § § § | |
| **Defendant.** | § § § | |

**DEFENDANT BIRD RIDES, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION**

Defendant Bird Rides, Inc. ("Bird"), by its attorneys, hereby states its answers and affirmative defenses to the Original Petition of Plaintiff Sahra Roozbehani ("Plaintiff") as follows:

**DISCOVERY CONTROL PLAN**

1.  Pursuant to Texas Rule of Civil Procedure 190.4 the discovery of this case is to be conducted under a Level 3 Discovery Control Plan to be agreed upon by the parties.

**ANSWER:** Paragraph 1 states a legal conclusion to which no response is required. To the extent that Paragraph 1 is construed as containing any factual allegations, Bird denies them. Bird affirmatively avers that this matter was removed to this Court on May 12, 2023, and that the Federal Rules of Civil Procedure govern this dispute.

**PARTIES**

2.  Sahra Roozbehani is a resident citizen of Houston, Harris County, Texas. Pursuant to Texas Civil Practice & Remedies Code § 30.014, the Court and parties are hereby advised that the last three numbers of her driver license are XXXXX259 and the last three numbers of her social security number are XXX-XX-X812.

**ANSWER:** Bird admits upon information and belief that Plaintiff is a resident of Texas. Bird lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 2 and therefore denies the same. Bird affirmatively avers that this matter was removed to this Court on May 12, 2023, and that the Federal Rules of Civil Procedure govern this dispute.

3. Bird Rides, Inc. d/b/a Bird is a Delaware corporation with its principal place of business in California and is authorized to do business in the State of Texas and, pursuant to the Texas Business Organizations Code Sec. 5.201, may be served with process by any method allowed by TRCP 106, including delivering, in person, or mailing by registered or certified mail, return receipt requested, a true copy of the citation and petition to its registered agent, National Registered Agents, Inc., 1999 Bryan St., Suite 900, Dallas, Texas 75201, and/or its president, Shane Torchiana, at its principal office, 406 Broadway #369, Santa Monica, California 90401.

**ANSWER:** Bird admits that it is a Delaware corporation with its principal place of business in California and that it is authorized to do business in Texas. Bird affirmatively avers that its principal place of business is located at 8605 Santa Monica Boulevard #20388, West Hollywood, California 90069. The remaining allegations in Paragraph 3 state legal conclusions to which no response is required. To the extent that the remaining allegations in Paragraph 3 are construed as containing any factual allegations, Bird lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the same.

**MISNOMER, ALTER EGO, AND TRCP RULE 28 REQUEST**

4. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

**ANSWER:** Paragraph 4 states a legal conclusion to which no response is required. To the extent that Paragraph 4 is construed as containing any factual allegations, Bird denies them. Bird specifically denies the existence of any "corporate veils" or any basis on which to "pierce" them. Bird affirmatively avers that this matter was removed to this Court on May 12, 2023, and that the Federal Rules of Civil Procedure govern this dispute.

5. To the extent that any Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendants pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff demands that, upon answer to this petition, that Defendants answer in its correct legal and assumed name.

**ANSWER:** Paragraph 5 states a legal conclusion to which no response is required. To the extent that Paragraph 5 is construed as containing any factual allegations, Bird denies them. Bird affirmatively avers that its legal name is Bird Rides, Inc. Bird further affirmatively avers that this matter was removed to this Court on May 12, 2023, and that the Federal Rules of Civil Procedure govern this dispute.

**JURSIDICTION AND VENUE**

6. This Court has jurisdiction in this cause since the damages to Plaintiff are within the jurisdictional limits of this Court.

**ANSWER:** Paragraph 6 states a legal conclusion to which no response is required. To the extent that Paragraph 6 is construed as containing any factual allegations, Bird denies them. Bird affirmatively avers that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

7. All or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County, Texas. Therefore, venue is proper pursuant to §15.002(a)(1) of the Texas Civil Practice & Remedies Code.

**ANSWER:** Paragraph 7 states a legal conclusion to which no response is required. To the extent that Paragraph 7 is construed as containing any factual allegations, Bird lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the same. Bird affirmatively avers that this matter was removed to this Court on May 12, 2023, and that the Federal Rules of Civil Procedure govern this dispute. Bird further affirmatively avers that venue is proper pursuant to 28 U.S.C. § 1441.

8. Additionally, the facts show that the convenience of the parties and the witnesses and the interest of justice would be best served in Bexar County, Texas, and venue is permitted in this county pursuant to §15.002(a)(4) of the Texas Civil Practice & Remedies Code.

**ANSWER:** Paragraph 8 states a legal conclusion to which no response is required. To the extent that Paragraph 8 is construed as containing any factual allegations, Bird denies them. Bird affirmatively avers that this matter was removed to this Court on May 12, 2023, and that the Federal Rules of Civil Procedure govern this dispute. Bird further affirmatively avers that venue is proper pursuant to 28 U.S.C. § 1441.

9. All conditions precedent have occurred, been performed, or been waived.

**ANSWER:** Paragraph 9 states a legal conclusion to which no response is required. To the extent that Paragraph 9 is construed as containing any factual allegations, Bird denies them.

10. Nothing Plaintiff did caused or contributed to this occurrence.

**ANSWER:** Denies.

**FACTS**

11. Defendant advertises itself as a "micromobility" company and is in the business of renting motorized scooters to the general public. Customers can rent scooters from Defendant through an application developed by Defendant that is downloaded and installed onto customers' smartphones.

**ANSWER:** Bird affirmatively avers that it operates an on-demand personal electric scooter sharing network for use by the general public and that a person seeking transportation via a Bird scooter must download the Bird Mobile Application ("Bird App") on his or her smartphone. Bird denies all remaining or inconsistent allegations of Paragraph 11 as stated.

12. Defendant deploys its electric scooters onto public streets and sidewalks in metropolitan areas and allows members of the public to rent Bird scooters for a fee charged to the customer's payment card supplied through Defendant's application.

**ANSWER:** Bird affirmatively avers that it operates an on-demand personal electric scooter sharing network for use by the general public in certain areas and that a person seeking transportation via a Bird scooter must download the Bird App on his or her smartphone. Bird

further affirmatively avers that after following the steps to receive, review, and accept the terms of the Bird Rental Agreement, Waiver of Liability and Release ("Bird Rental Agreement") through the Bird App, a user is then able to unlock and ride a Bird scooter. At the end of the ride, the user pays a scooter rental fee through the Bird App. Bird denies all remaining or inconsistent allegations of Paragraph 12 as stated.

13. Customers rent scooters from Defendant through a Rental Agreement via Defendant's smartphone app ("Rental Agreement").

**ANSWER:** Bird affirmatively avers that it operates an on-demand personal electric scooter sharing network for use by the general public in certain areas and that a person seeking transportation via a Bird scooter must download the Bird App on his or her smartphone. Bird further affirmatively avers that after following the steps to receive, review, and accept the terms of the Bird Rental Agreement through the Bird App, a user is then able to unlock and ride a Bird scooter. Bird denies all remaining or inconsistent allegations of Paragraph 13 as stated.

14. The Rental Agreement is full of dense legalese with inconspicuous and legally ineffective terms, provision, and clauses, including but not limited to a waiver of liability and an arbitration clause.

**ANSWER:** Bird affirmatively avers that the Bird Rental Agreement speaks for itself and denies the allegations in Paragraph 14 to the extent they are inconsistent with the Bird Rental Agreement. Bird specifically denies that the terms of the Bird Rental Agreement are "dense legalese," "inconspicuous," and/or "legally ineffective."

15. Upon information and belief, Defendant began deploying its scooters in San Antonio, Texas around June of 2018.

**ANSWER:** Admits.

16. Defendant advocates "Safety first" on its website but provides minimal warning, instruction, or training, if any, to its customers like Plaintiff.

**ANSWER:** Bird affirmatively avers that its website and the materials contained therein speak for themselves and denies any allegations in Paragraph 16 to the extent they are inconsistent with them. Bird denies the remaining allegations in Paragraph 16 as stated.

17. Although Defendant provides motorized scooters to members of the public and intends for the public to ride Bird scooters on city streets in competition with regular vehicular traffic [sic].

**ANSWER:** Paragraph 17 contains an incomplete sentence to which Bird cannot fairly respond because it is vague and ambiguous. Bird therefore denies the allegations in Paragraph 17 as stated.

18. Defendant also does not provide its renters with helmets, nor does Defendant make wearing a helmet a condition of renting one of its scooters.

**ANSWER:** Denies.

19. Upon information and belief, Defendant's scooters remain in a constant state of circulation and are generally removed from public use only to be charged by independent contractors, who then redeploy the scooters into the public after charging.

**ANSWER:** Denies.

20. Upon information and belief, Defendant's scooters do not undergo regular or routine maintenance, but are removed from public circulation only if customers report malfunctions directly to Defendant.

**ANSWER:** Denies.

21. Upon information and belief, except during periods of recharging or irregular maintenance, Defendant's scooters are left outdoors, exposing them to the elements, which subjects the scooters to excessive wear and tear and the degradation of their structural, electrical, and functional integrity.

**ANSWER:** Denies.

22. On or about May 2, 2021, Plaintiff Sahra Roozbehani a/k/a Sahara Roozbehani rented a Bird scooter through the Rental Agreement via the Bird application in San Antonio, Texas while on a weekend trip with her friend.

**ANSWER:** Bird admits upon information and belief that Plaintiff rented a Bird scooter on May 2, 2021. Bird further admits that Plaintiff is party to the Bird Rental Agreement. Bird lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore denies the same.

23. Plaintiff and her friend left a restaurant, rented Bird scooters, and rode their respective Bird scooters through the downtown area of San Antonio.

**ANSWER:** Bird lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies the same.

24. Plaintiff operated the Bird scooter as a reasonably prudent person, and she exercised ordinary care in all facets and at all times of her ride.

**ANSWER:** Denies.

25. While Plaintiff navigated an intersection in the downtown San Antonio area on the Bird scooter, Plaintiff attempted to slow down by utilizing the scooter's brakes; but the scooter's braking system failed to reasonably respond.

**ANSWER:** Bird denies that the subject scooter's "braking system failed to reasonably respond." Bird lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore denies the same. Bird specifically denies any liability to Plaintiff.

26. As a result of the subject scooter's defective mechanics, Plaintiff was not able to maintain control of the Bird scooter, and she suffered a violent single-scooter crash near the intersection of W Martin Street and N Main Avenue.

**ANSWER:** Bird denies that the subject scooter had "defective mechanics." Bird lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and therefore denies the same. Bird specifically denies any liability to Plaintiff.

27. As a result of the incident made the basis of this lawsuit, Plaintiff suffered significant bodily injuries including multiple skull fractures and pelvic fractures for which she has received reasonable and necessary medical care and suffered damages.

**ANSWER:** Bird lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the same. Bird specifically denies any liability to Plaintiff.

28. Plaintiff timely complied with the Rental Agreement's arbitration "Opt Out" provision.

**ANSWER:** Paragraph 28 states a legal conclusion to which no response is required. To the extent that Paragraph 28 is construed as containing any factual allegations, Bird denies them.

## CAUSE OF ACTION AGAINST DEFENDANT BIRD RIDES, INC. D/B/A BIRD

29. Plaintiff incorporates by reference all factual allegations contained herein.

**ANSWER:** Bird repeats and incorporates by reference its answers to Paragraphs 1-28 above as if fully set forth herein.

30. The scooter on which Plaintiff was injured was owned by, and subject to the control of, Defendant Bird Rides, Inc. d/b/a Bird. Thus, Defendant owed duties of ordinary care to Plaintiff.

**ANSWER:** Paragraph 30 states a legal conclusion to which no response is required. To the extent that Paragraph 30 is construed as containing any factual allegations, Bird denies them. Bird specifically denies that it violated any alleged duties to Plaintiff and denies any liability to Plaintiff.

31. Plaintiff rented a Bird scooter provided by and made available for rent by Defendant. Plaintiff rented the Bird scooter pursuant to a Rental Agreement with Defendant through the smartphone application provided and developed by, or developed under the control of, Defendant.

**ANSWER:** Bird admits upon information and belief that Plaintiff rented a Bird scooter. Bird further admits that Plaintiff is party to the Bird Rental Agreement. Bird denies the remaining allegations in Paragraph 31 as stated. Bird specifically denies any liability to Plaintiff.

32. The incident made the basis of this lawsuit resulted from the improper conduct of Defendant Bird Rides, Inc. d/b/a Bird, which constitutes negligence as that term is understood in law and was a proximate cause of the occurrence in question and injuries and damages to Plaintiff.

**ANSWER:** Denies.

33. This Defendant's negligent actions or omissions included, but are not limited to, one or more of the following non-exclusive particulars:

    a. failing to reasonably service and maintain the subject scooter;

    b. failing to reasonably account for the detrimental and degrading effects on the scooter caused by the scooter's near-constant exposure to natural elements;

    c. failing to develop and implement a regular maintenance schedule for the scooter;

    d. failing to ensure the subject scooter was in proper working condition and free from any mechanical defects before making it available to Plaintiff to rent;

    e. failing to provide reasonable warning, instruction, and/or training to Plaintiff on proper and safe operation of the subject scooter;

    f. failing to develop and provide reasonable protocol for Plaintiff to ensure the subject scooter was in good working condition before beginning her ride;

    g. failing to provide Plaintiff with proper personal safety devices and equipment;

    h. failing to develop and implement reasonable limitation through its smartphone application on use for customers not wearing safety gear and devices such as helmets.

    i. failing to develop reasonable infrastructure and manpower to ensure its scooters were being maintained appropriately; and/or,

    j. failing to act as a company of ordinary prudence would have in the same or similar circumstance.

One, some, or all of the foregoing acts and/or omissions or others on the part of this Defendant constituted negligence and such negligence was a proximate cause of the occurrent and Plaintiff's injuries and damages.

**ANSWER:** Denies.

## DAMAGES

34. As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of each Defendant, Plaintiff sustained significant injuries and damages in the past and will in reasonable probability sustain these damages in the future.

**ANSWER:** Denies.

35. Plaintiff respectfully requests that the trier of fact determine the amount of her damages and losses that she has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

   a. Physical pain;
   b. Mental anguish;
   c. Loss of earning capacity;
   d. Disfigurement;
   e. Physical impairment;
   f. Medical care expenses; and,
   g. Out-of-pocket economic losses.

**ANSWER:** Denies.

36. The damages sought herein are within the jurisdictional limits of the court Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000.

**ANSWER:** Paragraph 36 states a legal conclusion to which no response is required. To the extent that Paragraph 36 is construed as containing any factual allegations, Bird denies them. Bird affirmatively avers that this matter was removed to this Court on May 12, 2023, and that the Federal Rules of Civil Procedure govern this dispute.

37. Plaintiff seeks both prejudgment and post judgment interest as allowed by law, for all costs of court, and demands judgment for all other relief, both in law and in equity, to which Plaintiff may be entitled.

**ANSWER:** Paragraph 37 states a legal conclusion to which no response is required. To the extent that Paragraph 37 is construed as containing any factual allegations, Bird denies them. Bird specifically denies any liability to Plaintiff.

**AFFIRMATIVE DEFENSES**

Discovery and investigation may reveal that one or more of the following defenses and affirmative defenses will be available to Bird. Bird thus gives notice it intends to rely upon any other defense or defenses that may become available. Bird further reserves the right to amend its Answer and Affirmative Defenses to assert any additional defenses, whether specifically identified herein or otherwise, as further information becomes available. Bird only undertakes the burden of proof as to those defenses deemed affirmative defenses by law regardless of how such defenses are denominated herein. Subject to the foregoing, and without assuming any burden it would not otherwise bear, Bird asserts the following defenses to preserve its rights:

1. Plaintiff's Original Petition and each and every purported cause of action contained therein fails to state a claim upon which relief can be granted.

2. Any condition contained in the subject scooter that Plaintiff contends proximately caused the alleged injuries was one which was open and obvious and known to Plaintiff and should have been known by Plaintiff in the exercise of reasonable and ordinary care. Bird does not have a duty to warn of open and obvious dangers.

3. Plaintiff's claims are barred, in whole or in part, to the extent that Bird did not owe or assume any duty to Plaintiff.

4. Plaintiff's claims are barred, in whole or in part, because the injuries alleged by Plaintiff were caused by unforeseen, unavoidable, or uncontrollable circumstances that could not have been anticipated by Bird, including circumstances caused by Plaintiff and/or third parties.

5. Plaintiff's claims are barred, in whole or in part, because Bird met or exceeded the applicable standard of care at all times relevant to the matters asserted in the Original Petition.

6. Plaintiff's claims are barred, in whole or in part, because Bird acted reasonably and in good faith at all material times.

7. Plaintiff's claims are barred, in whole or in part, by California's safe harbor doctrine because Bird's alleged actions, at all relevant times and places, were in compliance with applicable law and because any rental products or services provided by Bird were in compliance with all applicable governmental regulations at the time said products or services were rendered.

8. Plaintiff's claims are barred, in whole or in part, because the alleged conduct of which Plaintiff complains comported with prevailing business practices and standards of the industry at issue.

9. Plaintiff's claims are barred, in whole or in part, because no action or inaction by Bird proximately caused Plaintiff's alleged damages.

10. Plaintiff's claims are barred, in whole or in part, because any alleged injury was not the result of any act or omission of Bird, but was the result of the intervening action of others.

11. Plaintiff's claims are barred, in whole or in part, because any alleged act or omission of Bird was not a substantial factor in bringing about the alleged injuries and therefore was not a contributing cause thereof, but was superseded by the acts or omissions of others, which were independent and proximate causes of Plaintiff's alleged damages.

12. Plaintiff's claims are barred, in whole or in part, because any duty to warn Plaintiff of the risks and hazards associated with Bird's products or services was fulfilled by providing adequate warnings at all times.

13. Plaintiff was fully aware of and informed of the nature of the risks associated with use of the subject scooter, including but not limited to the obvious danger of a motor vehicle

accident or other personal injury, and Plaintiff accepted and assumed all of those risks. Plaintiff's claims are therefore barred, in whole or in part, by the principles of assumption of risk.

14. Plaintiff's claims are barred, in whole or in part, by the provisions, conditions, exclusions, terms, disclosures, and exceptions governing use of the Bird products and services at issue. In particular, § 15 of the Bird Rental Agreement, Waiver of Liability and Release contains an express exculpatory clause relieving Bird of liability.

15. Plaintiff's claims are barred, in whole or in part, because the subject scooter conformed to the state-of-the-art in the industry at the time it was manufactured and was not defective.

16. Plaintiff's claims are barred, in whole or in part, because there was no practical or technically feasible alternative design that would have prevented the harm alleged by Plaintiff without substantially impairing the usefulness or intended purposes of Bird's products or services.

17. Plaintiff's claims are barred, in whole or in part, because the social utility and benefit of Bird's products or services outweighed the risks, if any.

18. Plaintiff's causes of action are barred, in whole or in part, to the extent discovery or investigation reveals contributory or comparative negligence on the part of Plaintiff insofar as Plaintiff committed acts or omissions that have proximately caused the damages alleged in the Original Petition.

19. Plaintiff's causes of action are barred, in whole or in part, to the extent discovery or investigation reveals that Plaintiff's alleged injuries were caused or contributed to by the subject scooter having been used in an unintended, abnormal, or improper manner, and not as a result of any defects or failures of the product or any components.

20. Plaintiff's causes of action are barred, in whole or in part, to the extent discovery or investigation reveals that Plaintiff's alleged injuries were caused, in whole or in part, by the fault or misconduct of independent third parties.

21. Plaintiff's claims are barred to the extent that they seek duplicative relief or amounts seeking more than a single recovery.

22. Plaintiff's causes of action are barred, in whole or in part, to the extent discovery or investigation reveals that Plaintiff's alleged injuries were the direct result of pre-existing medical conditions, and/or occurred by operation of nature or as a result of circumstances over which Bird had no control and for which Bird is not responsible.

23. Plaintiff's causes of action are barred or reduced, in whole or in part, to the extent discovery or investigation reveals Plaintiff failed to mitigate Plaintiff's alleged damages.

24. Plaintiff's claims are, or may be, barred by the applicable statute of limitations or statute of repose, and/or by the equitable doctrines of waiver, estoppel and/or laches.

25. Plaintiff's claims are, or may be, barred in whole or in part to the extent that Plaintiff has failed to join necessary parties.

26. Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts already paid that will, with reasonable certainty, compensate or indemnify Plaintiff, in whole or in part, for any past or future claimed loss, including but not limited to amounts from any collateral sources such as insurance or social security.

27. Plaintiff's claims are barred, reduced, and/or limited pursuant to applicable statutory and common law regarding limitation of awards, caps on recovery, and setoffs.

28. Plaintiff's claims are barred, in whole or in part, because any damages sought are speculative, remote, or non-existent.

29. Plaintiff's claims are barred, in whole or in part, to the extent that any third parties were negligent or legally responsible, or otherwise at fault, for the damages alleged in the Original Petition. Bird therefore requests that in the event of a finding of any liability in favor of Plaintiff, or settlement or judgment against Bird, an apportionment of fault be made among all parties and third parties as permitted by *Li v. Yellow Cab Company*, 13 Cal. 3d 804 (1975). Bird further requests a judgment and declaration of partial indemnification and contribution against all third parties in accordance with the apportionment of fault.

30. Bird specifically reserves the right to amend and supplement these defenses as discovery proceeds.

**WHEREFORE**, Bird prays for judgment as follows:

1. For judgment in favor of Bird and against Plaintiff;

2. That all relief sought in the Original Petition against Bird be denied;

3. For costs of suit and attorneys' fees incurred under applicable law to the extent deemed appropriate; and

4. For such other and further relief as deemed proper.

Respectfully submitted this 19th day of May, 2023.

**WATSON, CARAWAY,
MIDKIFF & LUNINGHAM, LLP**

 /s/Ryan Trammell
James W. Watson (SBN 20943100)
jwatson@watsoncaraway.com
Ryan Q. Trammell (SBN 24085877)
rtrammell@watsoncaraway.com
The Fort Worth Club Building
306 W. 7th Street, Suite 200
Fort Worth, Texas 76102
817/870-1717
817/338-4842 (FAX)

                    Stacy A. Alexejun, WI SBN 1074016
                    *(Pro Hac Vice Forthcoming)*
                    Sydney E. VanBerg, WI SBN 1101335
                    *(Pro Hac Vice Forthcoming)*
                    QUARLES & BRADY LLP
                    33 East Main Street, Ste. 900
                    Madison, WI 53703
                    stacy.alexejun@quarles.com
                    sydney.vanberg@quarles.com
                    eleina.arce@quarles.com
                    (608) 251-5000

                    **ATTORNEYS FOR DEFENDANT**
                    **BIRD RIDES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2023, I caused a copy of the foregoing Answer to be sent by e-mail and U.S. Mail to the following counsel of record:

PERDUE & KIDD
Donald H. Kidd (SBN 11383100)
Michael R. Clinton (SBN 24087317)
777 Post Oak Blvd., Suite 450
Houston, TX 77056
dkidd@perdueandkidd.com
mclinton@perdueandkidd.com
eservice@perdueandkidd.com
Telephone: 713-520-2500
Facsimile: 713-520-2525

FIROUZBAKHT LAW FIRM
Eric Firouzbakht (SBN 24091800)
2040 N. Loop W, Suite 102
Houston, TX 77018
ef@firouzbakhtfirm.com
service@firouzbakhtfirm.com
Telephone: 832-779-8018
Facsimile: 832-726-0709

*Attorneys for Plaintiff Sahra Roozbehani*

                                                          /s/*Ryan Trammell*
                                                         Ryan Trammell